**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHAD BROWN,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    **CIV-05-918-R** |
| | ) |
| **JUSTIN JONES, Director,** | ) |
| | ) |
|     **Respondent.** | ) |

**O R D E R**

Before the Court are the Supplemental Report and Recommendation [Doc. No. 20] of United States Magistrate Judge Gary M. Purcell entered August 10, 2006 and Petitioner's Objection [Doc. No. 21] to the Supplemental Report and Recommendation filed August 29, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Supplemental Report and Recommendation *de novo* in light of Petitioner's Objection.

Petitioner asserts that the Magistrate Judge improperly recommended denial of relief on the merits of his petition when the only issue raised by Respondent's motion was whether Petitioner was required to and failed to exhaust his state court remedy under Okla. Stat. tit. 57, § 564.1. Petitioner further asserts that the Magistrate Judge misapprehended Petitioner's claim which was that the evidence was insufficient to support a disciplinary misconduct conviction. Petitioner asserts that the investigator did not review the security video or audio recording, suggesting that the investigator didn't perform any meaningful investigation. Petitioner states that he requested the security video and radio transmission as evidence, which he asserts would substantiate the statements of two unidentified correctional officers.

Petitioner also complains that the Magistrate "failed to address the impartially of the hearing officers." Petitioner suggests that he must be afforded an evidentiary hearing to resolve the issue of witnesses' credibility.

The Magistrate Judge declined to dismiss this case based on Petitioner's failure to exhaust the state court remedy under Okla. Stat. tit. 57, § 564.1 because the law concerning that remedy is unsettled. It was proper, therefore, for the Magistrate Judge to address the merits of Petitioner's claim that the evidence was insufficient to support Petitioner's conviction of a disciplinary misconduct. The Magistrate Judge applied the correct legal standards and, upon the Court's review of the entire record herein, the Court fully concurs in the finding of the Magistrate Judge that there was some evidence in the record to support the finding that Petitioner was guilty of the disciplinary misconduct and to support the revocation of earned credits and the Magistrate Judge's implicit conclusion that the evidence was sufficient to support the misconduct conviction and the sanctions imposed for same. Petitioner has failed to present any evidence that he submitted to the hearing officer statements of two correctional officers who contradicted the written statements of the correctional officers the investigator obtained or any evidence that Petitioner requested that the investigator or hearing officer obtain and view and listen to the security video or the audio recording and/or radio transmission. No issue of the credibility of conflicting testimony of witnesses exists and, in any event, the review of institutional disciplinary proceedings to determine whether the conviction and revocation of earned credits is supported by "some evidence" does not require "examination of the entire record,

independent assessment of the credibility of witnesses or weighing of the evidence." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356, 365 (1984). Thus, no evidentiary hearing is warranted. Petitioner has failed to identify and present a genuine issue concerning the impartiality of the hearing officer.

In accordance with the foregoing, Petitioner's Objection to the Supplemental Report and Recommendation [Doc. No. 1] is without merit; the Supplemental Report and Recommendation [Doc. No. 20] of the Magistrate Judge is ADOPTED in its entirety; Respondent's motion to dismiss is DENIED; and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

**It is so ordered this 31st day of August, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE